ON MOTION FOR REHEARING, etc.

PER CURIAM.
Upon considering the appellant’s Motion for Rehearing, we. withdraw our opinion filed February 2, 1989 and substitute the following opinion:
ON MOTION TO SUPPLEMENT RECORD
PER CURIAM.
The defendant was represented by the public defender of the Fifth Judicial Circuit at his trial, conviction and sentencing in the trial court. The trial public defender filed a notice of appeal relating to the sentencing only. The trial court adjudicated the defendant insolvent for purposes of appeal and, pursuant to section 27.51(4)(e), Florida Statutes, appointed the public defender of the Seventh Judicial Circuit to represent the defendant on appeal. The trial defense counsel served a statement of the judicial acts to be reviewed limited to reviewing a departure from the sentencing guidelines and directed the court reporter to transcribe and file only the sentencing proceedings. The appellate public defender has filed a motion with this court to supplement the record on appeal to include trial testimony, stating that while appellate counsel has contacted trial counsel and trial counsel has stated that no important issues arose at trial, nevertheless, appellate counsel states that he “does not feel comfortable filing an Anders brief without checking the departure order against the trial testimony.”
Rule 9.140(d), Florida Rules of Appellate Procedure, provides that:
If a defendant’s designation of a transcript of proceedings requires expendí- *235 ture of public funds, trial counsel for the defendant (in conjunction with appellate counsel whenever possible) shall serve, within 10 days of filing the notice, a statement of the judicial acts to be reviewed and a designation to the court reporter requiring preparation of only so much of the proceedings as fairly supports the issues raised. Either party may file motions in the lower tribunal to reduce or expand the transcript.
The legal correctness of a sentence should usually be reviewable on appeal by reference only to a transcript of a sentencing proceeding before the trial court and the sentencing guidelines scoresheet and, perhaps, the pre-sentence investigation, without the necessity of a transcript of the entire guilt-determining portion of the trial. However, where the transcript of the sentencing proceeding shows that the trial judge departed from the guidelines recommended sentencing range based on facts learned by the trial judge during the trial, then appellate counsel and the appellate court may need a record of those facts in order to review the factual basis for the departure sentence. This is such a case. At sentencing, the trial court stated that a departure sentence was being entered after careful consideration of “the facts that were established during the trial” and in. this case, the written reasons for departure are based on the circumstances surrounding the commission of the crime and the resulting injury to the victim as the evidence of those facts was presented at trial. Accordingly, appellant’s counsel’s motion to supplement the record on appeal is granted to authorize a transcript of those portions of the trial as relate to the facts upon which the trial court relied in imposing the departure sentence in this case. Appellant’s counsel’s motion for extension of time to file an initial brief is also granted.
DAUKSCH, COBB and COWART, JJ., concur.